```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

NATIONAL CASUALTY CO. ET AL              CIVIL ACTION

VERSUS                                   NO: 13-5611 c/w
                                         13-5851

                                         **Applies to 13-5851**

DEQUEEN, INC.                            SECTION: **"J"** (4)

### ORDER AND REASONS

Before the Court is Plaintiff DeQueen, Inc. ("DeQueen")'s **Motion to Remand** (Rec. Doc. 10), Defendants National Casualty Company ("National") and American Alternative Insurance Company ("American", and collectively, "Insurers")'s opposition (Rec. Doc. 15), Plaintiff's reply (Rec. Doc. 21), and Insurers' sur-reply (Rec. Doc. 23). Defendant G & M Marine, Inc. ("G & M") did not respond to the instant motion. Plaintiff's motion was set for hearing on November 6, 2013, on the briefs. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED** for reasons set forth more fully below.

**FACTS AND PROCEDURAL HISTORY**

This matter arises out of a dispute over the Insurers' denial of coverage. Insurers issued DeQueen a policy of insurance ("the Policy") for DeQueen's vessel that contained an "on-board warranty" requiring one of the two identified captains to be on board of the vessel at all times. At some point, DeQueen's vessel sank, and the Insurers denied coverage stating that neither of the captains listed in the Policy were aboard the vessel at the time it sank. DeQueen disputes this contention, alleging that Insurers and/or Defendant G & M either mistakenly or maliciously listed the wrong names on the Policy and that this flawed Policy caused Insurers to deny coverage.[1]

Insurers filed an action in this Court seeking a declaratory judgment that the denial of coverage was proper. The next day, DeQueen filed suit in state court alleging breach of contract and bad faith and requesting various equitable remedies. In its state court action, DeQueen included G & M, a Louisiana corporation, as a defendant.  Insurers removed DeQueen's suit to federal court, and the removed action was consolidated with the Insurers' action for declaratory judgment. DeQueen filed the instant motion to

---

[1] The names on the policy are: Mrs. Dao Tran, co-owner of DeQueen in title, but who in reality is the Captain's wife and has never stepped foot on the vessel at issue, and Mr. Lahn Nguyen, a deckhand who is incapable of piloting the vessel. DeQueen contends that Defendants mistakenly listed these names rather than listing Mr. Hung Tran, co-owner and captain of the vessel, and Mr. Phuong Tran, the relief captain.

remand thereafter.

### PARTIES' ARGUMENTS

Defendants argue that removal is proper because G & M is improperly joined as a defendant in DeQueen's state court suit. Defendants argue that G & M is an improper defendant because the state court complaint fails to state a claim against G & M. To support this contention, Insurers argue that: (a) G & M is a third-party administrator, thus is not liable for failure to pay a claim or breach of contract, (b) DeQueen does not meet state law pleading requirements for bad faith allegations, and (c) DeQueen's pleadings repeated references to "underwriters" do not state a claim against G & M because it is not an underwriter. DeQueen argues that it did not fraudulently add G & M as a defendant and that this matter should be remanded to state court because DeQueen may have an individual tort claim against G & M, making G & M a proper defendant. DeQueen urges that full discovery is needed to determine if G & M could be liable to DeQueen, thus this Court should grant its motion to remand.

### LEGAL STANDARD

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Smallwood v. Ill. Cent.

R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. Id. A mere theoretical possibility of recovery is not sufficient to preclude a finding of improper joinder. Id. A court should ordinarily resolve the issue by conducting a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Id. Where a plaintiff has stated a claim, but has misstated or omitted discrete and undisputed facts that would preclude recovery, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. Id. at 573-74.

The party seeking removal bears a heavy burden of proving improper joinder. Id. at 574. In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor. Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995).

**DISCUSSION**

Insurers do not contend that DeQueen fraudulently plead jurisdictional facts, so the Court's inquiry will focus on whether DeQueen states a claim against G & M. DeQueen argues that it has stated a claim against G & M for negligence in the handling of Policy documents. DeQueen alleges that it never told G & M to change the names of the captains. Instead, DeQueen alleges that G & M mixed up the names either mistakenly or maliciously. G & M asserts that, even if this is true, there is no cognizable claim for unkempt files and records.

Though DeQueen's state court petition does not include the word "negligence," the facts alleged state a cause of action for negligence under Louisiana law.[2] "Louisiana is a jurisdiction which allows recovery in tort for purely economic loss caused by negligent misrepresentation when privity of contract is absent." Audler v. CBC Innovis Inc., 519 F.3d 239, 250 (5th Cir. 2008) citing Barrie v. V.P. Exterminators, 625 So.2d 1007, 1014 (La.

---

[2] "Louisiana utilizes a system of fact pleading. Accordingly, it is not necessary for a plaintiff to plead the theory of his case in the petition." State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C., 2010-2264 (La. 5/10/11), 63 So. 3d 940, 946 (internal citations omitted). Though DeQueen's pleadings are vague, the Court finds that they are sufficient to put Defendants on notice of the claims alleged, thereby restricting this Court's jurisdiction. See Smallwood, 385 F.3d at 576 ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court.")

1993). Further, a review of the applicable law indicates that there may be a cause of action for negligence against an agent who completes Policy-related documents in cases where said agent incorrectly fills out the documents. <u>Lee v. Nationwide Property & Cas. Ins. Co.</u>, No. 09-86, 2010 WL 1758882 (N.D. Miss., April 27, 2010). In <u>Lee</u>, upon hearing the plaintiff's motion to remand, a Mississippi federal court found that the plaintiff's state court complaint stated a cause of action for breach of contract against the defendant insurer and a cause of action for negligence against the agent who incorrectly filled out certain forms. <u>Id.</u> at *2. As such, the court granted the plaintiff's motion to remand. <u>Id.</u>

Based on these standards and the state court pleading, the Court finds that there is a reasonable basis for predicting that Louisiana law will allow recovery against G & M on at least one theory. Taking DeQueen's allegations as true, the state court could find that, as a general managing agent and/or underwriter,[3]

---

[3] The parties expend a considerable amount of time disputing whether G & M is an underwriter. On this point, the Court notes, without making any conclusions, that: (1) any reference to "underwriters" in the Complaint may be construed as a reference to G & M because it is clear that DeQueen believes that G & M is in fact an underwriter, and (2) Insurers' argument that G & M is not an underwriter because it is a Third Party Administrator is flawed because, one way in which La. R.S. 22:1641 defines "Third Party Administrator" is as one who underwrites, thus the two classifications are not mutually exclusive. The Court need not, and must not, make a determination on this issue, however, because the law does not require that G & M be an underwriter to incur liability in tort and because the Court must not consider the merits of DeQueen's case. <u>Smallwood</u>, 385 F.3d at 574 (A Federal Court's "inability to make the requisite decision in a summary manner itself points to an inability

there is a negligence claim against G & M for improperly including Mrs. Dao Tran and Mr. Lahn Nguyen as captains in the paperwork completed in connection with the Policy. Alternatively, even without privity of contract between DeQueen and G & M, a state court could find that G & M is liable for negligent misrepresentation.[4]

As the Fifth Circuit stated in <u>Bobby Jones Garden Apartments, Inc. v. Suleski</u>, "whether plaintiff can make out a case we do not know. Whether he can do so is a matter for the [state] Courts to decide on the evidence brought forward and in the light of legal theories [the state] is free to embrace. [...] And not for the first time, the [state] Courts may disagree with either our declaration or prediction of [state] Law." <u>Bobby Jones Garden Apartments, Inc. v. Suleski</u>, 391 F.2d 172, 179 (5th Cir. 1968). However, because there is at least one theory on which this Court predicts DeQueen could succeed against G & M, G & M is

---

of the removing party to carry its burden.").

[4] To hold a party liable for negligent misrepresentation "whether plaintiff is a third party or a party to the contract or transaction-there must be a legal duty on the part of the defendant to supply correct information, there must be a breach of that duty, and the breach must have caused plaintiff damage." <u>Barrie</u>, 625 So. 2d at 1015 (Louisiana courts recognize a legal duty "in cases where privity of contract is absent but there is communication of the misinformation by the tortfeasor directly to the user or the user's agent.").

a proper defendant who will destroy complete diversity of citizenship thereby making the Plaintiff's state court filing proper.

Accordingly,

DeQueen, Inc.'s **Motion to Remand (Rec. Doc. 10)** is **GRANTED.**

New Orleans, Louisiana, this 12th day of November, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE